# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JAMES P. JONES, | ) |
|        Plaintiff, | ) Case No. 2:14-cv-00779-GMN-GWF |
| vs. | ) **FINDINGS AND RECOMMENDATION** |
| MARIMAR MARQUINS, et al., | ) |
|        Defendant. | ) |

    This matter comes before the Court on Plaintiff James P. Jones' ("Plaintiff") failure to file an Amended Application to Proceed *in Forma Pauperis* or in the alternative to pay the filing fee pursuant to Order (#3).

    This matter commenced on May 16, 2014, with the filing of Plaintiff Jones' complaint and motion/application to proceed *in forma pauperis* (#1). Plaintiff's motion to proceed *in forma pauperis* was denied without prejudice for failing to include a signed financial certificate by an authorized officer required by 28 U.S.C. § 1915(a)(2). Plaintiff was ordered to file an amended application to proceed *in forma pauperis* or to pay the filing fee within thirty (30) days of the order dated June 16, 2014. Plaintiff was cautioned that failing to do so may result in the dismissal of his action.

    Pursuant to Fed. R. Civ. P. 41(b), the Court may dismiss an action with prejudice if the Plaintiff fails to prosecute or to comply with these rules or a court order. Pursuant to Order #3, Plaintiff had until July 16, 2014 to file an amended complaint. Notice was initially mailed to Plaintiff at the Department of Corrections on June 16, 2014 and July 7, 2014, but was returned undeliverable. Notice was subsequently mailed to Plaintiff on July 14, 2014, at the residence he

listed pursuant to his Letter (#2), but was similarly returned as undeliverable. More than thirty days have elapsed since the order was mailed and Plaintiff has not filed an application or paid the filing fee pursuant to the Court's Order (#3). Accordingly,

## RECOMMENDATIONS

**IT IS HEREBY RECOMMENDED** that Plaintiff's case be **dismissed with prejudice.**

## <u>NOTICE</u>

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 25th day of July, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge